Slip Op. 15-139

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **JUBAIL ENERGY SERVICES COMPANY AND DUFERCO SA**, <br><br>              Plaintiffs, <br><br>       v. <br><br>**UNITED STATES,** <br><br>              Defendant, <br><br>       and <br><br>**UNITED STATES STEEL CORPORATION, et al.,** <br><br>              Defendant-Intervenors. | Before: Timothy C. Stanceu, Chief Judge <br><br> Court No. 14-00219 |

**OPINION**

[Granting defendant's motion to dismiss an action challenging the final negative antidumping determination issued by the U.S. Department of Commerce]

Date: December 17, 2015

*Nancy A. Noonan*, Arent Fox LLP, of Washington, D.C., for plaintiffs. With her on the brief were *John M. Gurley*, and *Diana Dimitriuc Quaia*.

*Emma E. Bond*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant. With her on the brief were *Joyce R. Branda*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, *Claudia Burke*, Assistant Director, and *Loren Misha Preheim*, Senior Trial Counsel. Of counsel on the brief was *Shana A. Hofstetter*, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

*Jeffery D. Gerrish* and *Robert E. Lighthizer*, Skadden, Arps, Slate, Meagher & Flom LLP, of Washington, D.C., for defendant-intervenor United States Steel Corporation.

*Roger B. Schagrin*, Schagrin Associates, of Washington, D.C., for defendant-intervenors Boomerang Tube LLC, Energex Tube, TMK IPSCO, and Welded Tube USA.

Stanceu, Chief Judge: Plaintiffs Jubail Energy Services Company ("JESCO") and Duferco SA ("Duferco") (collectively, "plaintiffs") contest a negative amended final "less-than-fair-value" determination of the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department") that concluded an antidumping duty investigation of oil country tubular goods ("OCTG") from Saudi Arabia. In contesting this determination, plaintiffs, who together were the sole mandatory respondent in the investigation, claim that Commerce erred in concluding that JESCO's home market sales could not be used to determine the normal value of their subject merchandise and specifically challenge as unlawful Commerce's determination that JESCO was affiliated with its primary home market customer. Defendant United States moves to dismiss this action under USCIT Rule 12(b)(1) for lack of jurisdiction. The court grants defendant's motion.

## I. BACKGROUND

### A. The Contested Determination

The determination contested in this action is *Amended Final Determination and Termination of Investigation of Sales at Less Than Fair Value: Certain Oil Country Tubular Goods From Saudi Arabia*, 79 Fed. Reg. 49,051 (Int'l Trade Admin. Aug. 19, 2014) ("*Amended Final Determination*").

### B. The Parties to this Action

Plaintiff JESCO is a producer of OCTG in Saudi Arabia, and plaintiff Duferco SA is an exporter of OCTG from Saudi Arabia. Compl. ¶ 3 (Oct. 14, 2014), ECF No. 9. Defendant-intervenors Boomerang Tube LLC, TMK IPSCO, Energex Tube, and Welded Tube USA Inc. and United States Steel Corporation ("U.S. Steel") are U.S. producers of steel tube products that participated in the investigation as petitioners. U.S. Steel Consent Mot. to Intervene as of Right

as Defendant-Intervenor ¶ 2 (Oct. 28, 2014), ECF No. 12; Boomerang Consent Mot. to Intervene as Defendant-Intervenors ¶ 2 (Nov. 12, 2014), ECF No. 17; *Certain Oil Country Tubular Goods from India, the Republic of Korea, the Republic of the Philippines, Saudi Arabia, Taiwan, Thailand, the Republic of Turkey, Ukraine, and the Socialist Republic of Vietnam: Initiation of Antidumping Duty Investigations*, 78 Fed. Reg. 45,505, 45,506 (Int'l Trade Admin. July 29, 2013) ("*Initiation*").

C.  Procedural History of the Less-that-Fair-Value Investigation and this Action

On July 29, 2013, Commerce initiated an investigation of sales at less than fair value of certain OCTG from India, the Republic of Korea, the Republic of the Philippines, Saudi Arabia, Taiwan, Thailand, the Republic of Turkey, Ukraine, and the Socialist Republic of Vietnam. *Initiation*, 78 Fed. Reg. at 45,506.[1] In investigating OCTG from Saudi Arabia, Commerce selected Duferco SA, the largest known Saudi Arabian exporter of OCTG, as the sole mandatory respondent. *Antidumping Duty Investigation of Certain Oil Country Tubular Goods from the Kingdom of Saudi Arabia: Respondent Selection* 3-4 (Aug. 29, 2013) (Admin.R.Doc. No. 51). JESCO, an affiliate of Duferco SA, manufactured the OCTG that Duferco SA exported to the United States from Saudi Arabia. *Id.* at 1-2.

Treating Duferco SA and JESCO as a single entity for purposes of the investigation, Commerce issued a preliminary affirmative less-than-fair-value determination on

---

[1] The "oil country tubular goods" ("OCTG") that were the subject of the investigation "are hollow steel products of circular cross-section, including oil well casing and tubing, of iron (other than cast iron) or steel (both carbon and alloy), whether seamless or welded, regardless of end finish (*e.g.*, whether or not plain end, threaded, or threaded and coupled) whether or not conforming to American Petroleum Institute (API) or non-API specifications, whether finished (including limited service OCTG products) or unfinished (including green tubes and limited service OCTG products), whether or not thread protectors are attached." *Amended Final Determination and Termination of Investigation of Sales at Less Than Fair Value: Certain Oil Country Tubular Goods From Saudi Arabia*, 79 Fed. Reg. 49,051, 49,052 (Aug. 19, 2014).

February 25, 2014, determining a preliminary dumping margin of 2.92% for the combined entity. *Certain Oil Country Tubular Goods From Saudi Arabia: Prelim. Determination of Sales at Less Than Fair Value, and Postponement of Final Determination*, 79 Fed. Reg. 10,489, 10,490 (Int'l Trade Admin. Feb. 25, 2014) ("*Prelim. Determ.*"); *Decision Mem. for the Prelim. Results of Antidumping Duty Investigation of Oil Country Tubular Goods from Saudi Arabia*, A-517-804, at 2, 6-7 (Feb. 14, 2014) (Admin.R.Doc. No. 151), *available at* http://enforcement.trade.gov/frn/summary/saudi-arabia/2014-04102-1.pdf (last visited Dec. 14, 2015) ("*Prelim. Decision Mem.*").  Commerce determined that JESCO was affiliated with its largest home market customer through the common control of the government of Saudi Arabia.  *Prelim. Decision Mem.* at 7-8.  Commerce also determined that JESCO's sales to its largest home market customer were not at arm's length and could not be used to calculate normal value.  *Id.* at 8.  Concluding that JESCO's remaining home market sales were made below cost, were therefore outside the ordinary course of trade, and accordingly could not serve as the basis for determining normal value, Commerce determined normal value on the basis of constructed value ("CV").  *See id.* at 8-11.

Commerce published an affirmative final less-than-fair-value determination on July 18, 2014.  *Certain Oil Country Tubular Goods From Saudi Arabia: Final Determination of Sales at Less Than Fair Value*, 79 Fed. Reg. 41,986 (Int'l Trade Admin. July 18, 2014).  Again calculating normal value on a CV basis, and maintaining its decision to treat Duferco SA and JESCO as a single entity, Commerce calculated a final margin of 2.69% for this entity.  *See id*.  Following a ministerial error allegation submitted by JESCO and Duferco SA, Commerce, on August 19, 2014, determined a *de minimis* antidumping duty margin for Duferco SA/JESCO,

issued a negative amended final determination, and terminated the investigation. *Amended Final Determination*, 79 Fed. Reg. at 49,051.

In a separate action before this Court, petitioners in the investigation, the defendant-intervenors in the case at bar, challenged Commerce's amended final determination, claiming that the Department's method of calculating CV profit was not determined according to a reasonable method and therefore unlawful. *See Boomerang, et al. v. United States*, Court No. 14-00196 ("*Boomerang*"). Plaintiffs are defendant-intervenors in *Boomerang*.

Defendant moved under USCIT Rule 12(b)(1) to dismiss this action for lack of jurisdiction. Def.'s Mot. Dismiss 1-2 (Nov. 18, 2014), ECF No. 23. Defendant seeks dismissal on lack of standing, arguing that plaintiffs, having obtained a *de minimis* margin that resulted in termination of the antidumping duty investigation, cannot show injury in fact.

## II. DISCUSSION

Plaintiffs assert jurisdiction under section 516A(a)(2)(B)(ii) of the Tariff Act of 1930 ("Tariff Act"), 1516a(a)(2)(B)(ii).[2] Compl. ¶ 2. Section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1581(c), grants this court jurisdiction over any civil action commenced under section 516A of the Tariff Act, 19 U.S.C. § 1516a, including actions challenging the final negative determination of an antidumping investigation issued by Commerce under section 735 of the Tariff Act, 19 U.S.C. § 1673d.

The jurisdiction of federal courts is constitutionally limited to those cases involving actual cases or controversies. *See* U.S. Const. art. III, § 2, cl. 1; *Flast v. Cohen*, 392 U.S. 83, 94 (1968). "For there to be such a case or controversy" the plaintiff must "have 'standing,' which requires, among other things, that it have suffered a concrete and particularized injury."

---

[2] Statutory citations herein are to the 2012 edition of the United States Code.

*Hollingsworth v. Perry*, 133 S. Ct. 2652, 2659 (2013).  The injury must be "actual or imminent, not 'conjectural' or 'hypothetical.'"  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

The Court of Appeals for the Federal Circuit and this Court have held that a respondent attempting to contest the results of an administrative antidumping duty proceeding in which it has prevailed in the entirety cannot demonstrate an injury in fact.  *See, e.g.*, *Freeport Minerals Co. v. United States*, 758 F.2d 629, 634 (Fed. Cir. 1985) ("[T]he prevailing party in [an administrative] proceeding may not appeal the proceeding just because he disagrees with some of its findings or reasoning . . . since the end result of the 1982 notice was favorable to Freeport, there was no point in its challenging the ITA then.") ("*Freeport Minerals*"); *Royal Thai Gov't v. United States*, 38 CIT __, __, 978 F. Supp. 2d 1330, 1334 (2014) ("*Royal Thai*").

Plaintiffs have the burden of establishing that the court has jurisdiction over their claim.  *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936).  In this case, they are unable to demonstrate that the contested determination is causing them injury.  Commerce did not issue an antidumping duty order because the amended final determination of sales at less than fair value was negative.  *Amended Final Determination*, 79 Fed. Reg. at 49,052.  Commerce concluded the investigation and instructed U.S. Customs and Border Protection to terminate suspension of liquidation on all entries of OCTG from Saudi Arabia and refund any cash deposits previously collected.  *Id*.  Termination of an antidumping duty investigation without issuance of an antidumping duty order is the most favorable outcome available to a respondent in an antidumping duty investigation.

Speculation that reversal of the negative amended final determination could occur upon judicial review is hypothetical, and a merely hypothetical threat of injury does not suffice.  *See Zhanjiang Guolian Aquatic Products Co., Ltd. v. United States*, 38 CIT __, __, 991 F. Supp.

2d 1339, 1342 (2014) (citing *Royal Thai*, 38 CIT at __, 978 F. Supp. 2d at 1333).  Should petitioners prevail in their appeal of the Department's determination in *Boomerang*, plaintiffs will have an opportunity to defend their interests.  *See Freeport Minerals*, 758 F.2d at 634; *Royal Thai*, 38 CIT at __, 978 F. Supp. 2d at 1334 (citing 19 U.S.C. § 1516a(a)(2)(A)(i)(II)); *Rose Bearings Ltd. v. United States*, 14 CIT 801, 803, 751 F. Supp. 1545, 1547 (1990).

Plaintiffs attempt to avoid the jurisdictional problem by arguing that the issue they raise "is not a subsidiary issue or an offset issue to any potential increase in the rate but rather is the condition precedent to the issues raised by U.S. producers" in *Boomerang*.  Pl. Jubail Energy Services Co. & Duferco SA's Resp. to Def.'s Mot. Dismiss 6 (Dec. 23, 2014), ECF No. 26.  According to plaintiffs, "[b]ecause the statute directs Commerce to use home market sales to determine normal value, the Court needs to determine whether Commerce properly rejected JESCO's home market sales for purposes of determining JESCO's margin, and lawfully resorted to constructed value."  *Id.* at 6-7.  Where, as here, jurisdiction over plaintiffs' claim is lacking, the issue plaintiffs insist must be decided is not properly before the court.

### III. CONCLUSION

Having prevailed in the underlying administrative proceeding, plaintiffs are unable to demonstrate that they currently are suffering an injury in fact and thus have not pled facts upon which the court may exercise jurisdiction over this action.  The court will enter judgment dismissing this action pursuant to USCIT Rule 12(b)(1).

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Dated:  December 17, 2015
            New York, New York